22 C. C. P. A. (Patents)

## In re MORGAN.

### Patent Appeal No. 3501.

Court of Customs and Patent Appeals.
June 3, 1935.

Strauch & Hoffman, of Washington, D. C. (James A. Hoffman and Ralph L. Stevens, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellant has here appealed from the decision of the Board of Appeals of the United States Patent Office, which affirmed the decision of the Primary Examiner in denying all the claims, 6, 10, 11, and 12, of appellant's application for a patent on differential mechanism. Claim 12 is illustrative, and follows:

"12. A differential mechanism comprising a casing consisting of two opposed duplicate sections having annular end faces in complemental abutment and having continuous circumferential flanges spaced laterally from said faces to form a continuous circumferential groove, said sections having complemental recesses in their end faces cooperating to form radial openings, each section having a continuous, symmetrical series of fine, equidistant splines in its outer surface between its flange and its end face and spaced laterally from the said flange, a ring gear having an internal set of equidistant fine splines complementally interlocked with the splines of the casing, and a series of uniformly spaced clamping pins extending through said sections, said pins being of greater individual diameter than the thickness of any individual spline and being located radially inward of the innermost spline circle."

The references relied upon are: Hutchinson, 1761922, June 3, 1930; Acker, 1802545, April 28, 1931.

Appellant's disclosure consists of alleged improvements in a differential mechanism, and is intended to make a stronger gear connection by having a continuous symmetrical series of fine, equidistant splines on the inner side of the ring gear and the outer side of the casing, and also to have in said differential assembly continuous circumferential flanges spaced laterally from the end faces of the casing.

Gear casings are made in two parts so as to permit the insertion of members, such as a spider, which operate inside the casing. The term "casing," referred to by the applicant, is not synonymous with the term "housing." The housing is the extreme outside of the whole differential assembly.

When the ring gear and the casing are assembled with the other parts which revolve from pressure upon the bevel gear, it is important that the assembly have great strength. These parts cannot be made in one piece on account of the manner in which they are assembled, but, when assembled, their strength should approach that of a single piece as nearly as possible.

Hutchinson's casing, which also consists of two halves, has, on the outside, a number of splines which set into and mate with the splines on the ring gear. Hutchinson, however, has splines on only one-third of the outside circle of his casing. There are nine splines on the casing and twelve on the ring gear. The outer circle of the casing is divided into six equidistant segments; three splines being placed in each alternative segment. In each segment intermediate to those in which are the splines, there is a bearing opening, and in each opening there is mounted one stud of a spider. A differential pinion is mounted on each stud. The splines are larger than those shown by the applicant.

The patent to Acker shows a differential assembly which also includes a two-

section casing. The casing contains a continuous symmetrical series of equidistant splines on the outer periphery. The splines are large, and therefore not as numerous as those disclosed by the appellant.

Appellant contends that he has made an inventive improvement over the two references, inasmuch as he has given greater strength by having more splines with more shoulders to come in contact with mating splines and shoulders, and that, owing to his increasing the number and decreasing the size of the splines, he has been able to place the clamping pins "radially inward of the innermost spline circle," and that this increases the strength of the assembly.

In the Patent Office, appellant submitted two affidavits which show that appellant's structure is stronger and will stand greater stress and strain than any prior art differential assembly. In the affidavits also is pointed out the features of the construction of the prior art which are regarded, by affiants, as being weak.

The Board in its first decision stated that the connection between the ring gear and the casing in appellant's structure was "* * * doubtless theoretically somewhat stronger than the corresponding connection of Hutchinson but it seems to us that strength has been provided for at a point where the reference disclosures are in no way defective as to this feature. It is a well-known axiom that a chain can be no stronger than its weakest link. Obviously there are several links in the transmission chain here involved which must necessarily be weaker than that involved in the connection between the ring gear and its supporting casing. For instance, all of the driving strain must be taken by the very few teeth on the gear wheel which happen to be in mesh at any particular time with the driving worm. Also the splined connection between the differential side gears and the axle sections is of limited peripheral extent and subject to a mechancial disadvantage as compared with the corresponding splined connection between the ring gear and the differential housing."

After applicant had filed a petition for reconsideration and submitted the affidavits above referred to, the Board in a second decision said:

"In our decision we held that, while the joint claimed by petitioner between his ring gear and differential housing might be theoretically somewhat stronger than the Hutchinson construction, it seemed to us petitioner was providing for strength at a point where it was not needed. We made no particular comparison between the petitioner's construction and that of Acker with respect to strength.

"In the communication last filed petitioner urges that strength was actually needed at the joint between the ring gear and the differential housing and files affidavits in support of this contention. According to the affidavits, a construction in which no splines were provided opposite the ends of the differential spider showed failure of the ring gear at that point. While this may be sufficient to show a patentable distinction over Hutchinson, we do not see wherein it involves invention over this patent when taken in connection with the patent to Acker wherein a continuous series of splines is used, including the points opposite the ends of the differential spider.

"Petitioner particularly stresses the radial seating provision made and set forth in claim 11. This claim defines flanges on the casing halves which bear radially in corresponding rabbeted recesses on the interior of the ring gear and thus serve to take a part of the radial thrust of the driving worm.

"The Acker patent shows corresponding radial flanges on his casing and recesses on the ring gear which provide shoulders which overhang the flanges. It is not clear whether or not Acker contemplates radial contact; apparently some clearance is shown. However we see nothing beyond mechanical skill in providing for a good fit between these surfaces, especially in view of Hutchinson's disclosure wherein those portions of the ring gear outside the splines fit snugly against the periphery of the casing halves.

"After careful consideration of the petition, we find no reason for modifying our prior holding of unpatentability. The petition is therefore denied." ·

It seems to us that it is probable that appellant's structure is stronger than the prior art structures, but we do not believe that invention rested in doing what appellant has done, in view of the prior art. Hutchinson disclosed comparatively large splines covering only one-third of the surface of the outside circle of the casing. His splines are much smaller than are those shown by Acker, but larger than the splines shown by applicant. Acker, however,

showed his splines spaced continuously and equidistant, as called for in the claims. It seems obvious that, if additional strength was desired, in view of the teachings of the prior art, it would not require invention to increase the number of splines and to reduce their size so as to permit the holes for the clamping pins to be further removed from the innermost spline surface. In other words, the strength of the three disclosures seems to be a matter of degree; the increasing of which was a matter well within the skill of the mechanic.

It is not thought, in view of the prior art, that the feature of some of the claims with reference to the annular end faces which are in contact with the continuous circumferential flanges adds patentability to the claims. The tight fitting of this member, we think, is, as the Board stated, "nothing beyond mechanical skill."

The decision of the Board of Appeals is affirmed.

Affirmed.